FELICE JOHN VITI, Acting United States Attorney (#7007)
LUISA GOUGH, Assistant United States Attorney (#17221)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682
Email:  luisa.gough@usdoj.gov

FILED
2025 NOV 6
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. BENEDICTA OKUNLOLA, Defendant. | **FELONY INFORMATION** Case: 2:25-cr-00409 Assigned To : Shelby, Robert J. Assign. Date : 11/06/2025 Description: USA v. Okunlola |

The Acting United States Attorney charges:

At all times relevant to this Information,

## BACKGROUND

1. Snap Finance was a company in Salt Lake County, Utah.  Snap Finance provided lending services to commercial customers, offering lease-to-own and credit options for consumer retail finance transactions.

2. Blackhawk Network (Blackhawk) was a California-based financial technology company helping other businesses build and retain their customer base through rewards programs, and specializing in prepaid, gift, and payment cards.

1

3. From at least October 2020 to January 2025, Snap Finance ran marketing campaigns through Blackhawk, purchasing Visa and Mastercard gift cards with its company credit card to offer as incentives to commercial customers.

4. Defendant BENEDICTA OKUNLOLA was the Merchant Growth Specialist for Snap Finance from at least March 2020 until around January 2025. In that role, OKUNLOLA had access to Snap Finance's company credit card for marketing promotions and incentives.

5. OKUNLOLA ran Snap Finance's marketing campaigns with Blackhawk. She was the only employee at Snap Finance who purchased gift cards from Blackhawk. OKUNLOLA had no secondary approval requirements from Snap Finance for low-dollar Blackhawk gift cards.

6. OKUNLOLA resided at 429 E. Xavier Court, South Salt Lake, Utah.

7. OKUNLOLA owned an online art business called Duerama Unnie. To support the business, OKUNLOLA created and operated the website Deuramaunnie.com. She also created payment accounts (Square and PayPal) and social media sites (Etsy, TikTok, X) under the same name.

8. Benithegirl@gmail.com was an email addressed created and used by OKUNLOLA.

# COUNT I
Wire Fraud
(18 U.S.C. § 1343)

## THE SCHEME

9. From on or about October 7, 2020, and continuing until on or about January 24, 2025, Defendant BENEDICTA OKUNLOLA devised and intended to devise a scheme to obtain money and property by fraud, materially false and fraudulent pretenses, representations, and promises, and omissions of material facts.

10. It was the object of OKUNLOLA's scheme to obtain money from her employer, Snap Finance.

## MANNER AND MEANS

11. In January 2025, Snap Finance audited its gift card purchases from Blackhawk after noticing an excessive number of cards being ordered.

12. Blackhawk identified 2,343 suspicious Visa and Mastercard orders placed by Snap Finance with a value load of $1,398,014. All were ordered using OKUNLOLA's login.

13. Defendant OKUNLOLA used Snap Finance's credit card and sent invoices to Snap Finance's accounting team to purchase these gift cards from Blackhawk without its knowledge or permission by taking the following measures:

    a. All 2,343 gift cards were kept below Snap Finance's secondary approval thresholds. The orders were submitted and approved solely by OKUNLOLA.

b. Some of the unauthorized gift cards had no customer email addresses associated with them. Instead, OKUNLOLA pulled the gift card codes from Blackhawk and activated the cards by personally inputting the registration information for activation. Many of these cards were eventually registered to OKUNLOLA.

c. Other gift cards were ordered using customer email addresses but later registered to OKUNLOLA.

d. Approximately 1,506 gift cards totaling around $650,544.42 went to merchant accounts which were under others' names, but which were controlled or directed by OKUNLOLA, including but not limited to:

   i. 1,327 transactions totaling $563,453.88 going to Deuramaunnie.com.

   ii. 41 transactions totaling $32,330 going to the PayPal account for Deurama Unni.

   iii. 18 transactions totaling $22,799.94 going to the PayPal account for OKUNLOLA's brother.

   iv. 17 transactions totaling $8,481.11 going to the Square account for Deurama Unni.

e. Other gift cards were ordered by OKUNLOLA and issued to third-party companies to cover goods and services for her, including but not limited to:

   i. Approximately $88,000 in gift cards issued to Moda S-Line—the apartment complex where OKUNLOLA lived—for rent payments.

    ii. Over 340 gift card transactions going to more than $54,000 in rideshare services.

    iii. Around $62,000 in gift card money for food delivery companies.

    iv. Travel costs of at least $57,000 paid for through gift cards ordered by OKUNLOLA, including a trip to South Korea, Japan, South Africa, Portugal, and elsewhere.

    v. Grocery delivery services amounting to at least $12,700.

14. On or about February 10, 2023, in the District of Utah and elsewhere,

**BENEDICTA OKUNLOLA**

the Defendant herein, for the purpose of executing the scheme described above, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals and sounds, including but not limited to the following instance set forth below:

| Date (on or about) | Description |
| --- | --- |
| *Order Date*: February 10, 2023. | Online order of $1,000 Visa gift card, proxy number 6039530400614944331, issued for Utah website Deuramaunnie.com and ordered from California-based Blackhawk Network's online incentive program using OKUNLOLA's login, associated with the email address benithegirl@gmail.com and the address 429 E. Xavier Court, and paid for by Utah victim Snap Finance via its corporate credit card. |

all in violation of 18 U.S.C. § 1343.

## NOTICE OF INTENT TO SEEK FORFEITURE

15. Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of any offense violating 18 U.S.C. § 1343, the defendant shall forfeit to the United States of America any property, real or personal, that constitutes or is derived from proceeds traceable to the scheme to defraud. The property to be forfeited includes, but is not limited to:

- A money judgment equal to the value of any property not available for forfeiture as a result of any act or omission of the defendant(s) for one or more of the reasons listed in 21 U.S.C. § 853(p).

- Substitute property as allowed by 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p).

FELICE JOHN VITI
Acting United States Attorney


*/s/ Luisa Gough*
LUISA GOUGH
Assistant United States Attorney